## MURPHY v. HICKEY et al.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

APPEAL AND ERROR—EXCEPTIONS—EXECUTORS AND ADMINISTRATORS.

Where, in an action against executrices, the point of defendants' liability in their representative capacity was not raised,—the only matter litigated, as shown by the record, being the condition of accounts between plaintiff and defendants, as shown by their respective bills of particulars, —an exception to the decision of the court in favor of plaintiff does not raise the question of the executrices' liability in their representative capacity.

Appeal from trial term, New York county.

Action by John J. Murphy against Agnes K. Hickey and another, as executrices of the estate of Patrick V. Hickey, deceased, on an account. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

John R. Kuhn, for appellants.

Theron G. Strong, for respondent.

PER CURIAM. The subject of the defendants' liability as executrices, and the effect of the judgment entered against them as such, is not up for decision on this record, for the want of proper exceptions. The defendants were sued, both individually and as executrices of the will of Patrick V. Hickey, deceased, for goods sold and delivered to them in that capacity, there being an allegation in the complaint that by the will of their testator they were authorized and empowered to carry on the business which he had conducted in his lifetime; but there was no specific demand for judgment made in the complaint. It is admitted in the answer that authority was conferred upon the defendants to carry on business as alleged in the complaint, and that they did for several years carry on such business pursuant to that authority, and that during that time the plaintiff supplied them with material used in the business. What is substantially a plea of payment is also set up in the answer. There is no denial of any allegation of the complaint. On the trial the only defendant who appeared moved to dismiss the complaint because it contained no demand for judgment, and the defendants were at a loss to know whether the claim was against them individually or as executrices. Thereupon the complaint was amended, without objection, by adding a demand for judgment against the defendants as executrices. No other motion was made to dismiss the complaint. Bills of particulars of the plaintiff's claim and of the defendants' alleged payments were offered in evidence. Thereupon the case was submitted to the trial judge without a jury, and he decided that the plaintiff was entitled to judgment against the defendants, as executrices, for an amount apparently resulting in plaintiff's favor from a comparison of the two bills of particulars. An exception was taken to that decision. As the point of liability of the defendants in their representative capacity was not raised on the record by motion to dismiss the complaint or otherwise, and as the only matter litigated, according to the record, was the con-

dition of the accounts between the plaintiff and the defendants, there is nothing before us except the correctness of the decision as to the amount. Had the point of liability been raised, the plaintiff might have produced the evidence to show that the defendants' testator intended that the business should be carried on at the expense of the general estate. The exception filed after the cause was decided does not raise the question of liability of the executrices in their representative capacity. Upon a comparison of the only evidence in the case on the subject of indebtedness, namely, the plaintiff's and the defendants' bill of particulars, we must find that the decision of the trial judge was correct.

The judgment must therefore be affirmed, with costs.